[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #109
The plaintiff moves to strike all five of the defendants' CT Page 13685 special defenses on the grounds that each is legally insufficient or improperly alleged in a foreclosure action. The defendants have not filed an objection.
The first special defense is struck. The defendants have not pleaded facts demonstrating that the HUD program is applicable here. See Berkeley Federal Bank Trust, FSB v. Gabel, Superior Court, judicial district of Middlesex Docket No. 071109 (April 13, 1995, Aurigemma, J.), aff'd, 43 Conn. App. 923,686 A.2d 138 (1996). Therefore, the first special defense is merely a legal conclusion and is struck.
The second special defense is struck. The defendants have failed to offer any legal argument or evidence regarding a contractual duty on the part of the plaintiff to conduct loan work out discussions. Fleet Mortgage Corp. v. Baccash, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053127 (January 3, 1997, Curran, J.). See also KnutsonMortgage Corp. v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334486 (September 26, 1997, West, J.) (defendant's allegations regarding work out negotiations do not attack the making, validity, or enforcement of the note or mortgage), and cases cited therein.
The defendants' third special defense is struck. "In their third special defense the defendants allege that the plaintiff is estopped from foreclosure because of waiver. Defendants contend that plaintiff's acceptance of late payments in the past constitutes waiver. However, paragraph [6](D) of the . . . note executed by the defendants provides that such acceptance of late payments does not constitute waiver. Consequently, any inference of waiver which arises by the acceptance of late payments is negated. Christensen v. Cutaia, 211 Conn. 613, 619-20,560 A.2d 456 (1989)." Federal National Mortgage Association v.Graham, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328345 (August 22, 1996, West, J.).
The defendants' fourth and fifth special defenses are struck. Breach of the covenant of good faith and fair dealing and violation of the Connecticut Unfair Trade Practices Act can be asserted in a foreclosure action if the allegations go to the making, validity or enforcement of the underlying note. BerkeleyFederal Bank Trust v. Rotko, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318648 (January 25, 1996, West, J.). Nevertheless, as pleaded here, both special defenses CT Page 13686 are conclusory and do not contain sufficient facts to support the claims asserted.
BALLEN, J.